UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**MARK ANDREOTTA,**

    Plaintiff,

    v.

**RENEGADE RV, KIBBLE MANUFACTURING, and ABC CORPORATIONS (1–10),**

    Defendants.

Civ. No. 17-05747 (KM) (SCM)

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

    Mark Andreotta purchased a recreational vehicle (RV) from Renegade RV and Kibble Manufacturing (collectively "Renegade"). After two tires blew out, he sued Renegade, alleging that Renegade misrepresented the tire quality and breached warranties. The matter was referred to arbitration, and the arbitrator found for Renegade. I entered judgment on the arbitration award.

    Now, Andreotta moves, pursuant to Federal Rule of Civil Procedure 60(b)(1), to vacate the judgment, arguing that his former counsel neglected to obtain and file an expert report, unbeknownst to him. (DE 41.)[1] For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

    After an accident with no injuries, Andreotta filed this suit against Renegade in August 2017, and the claims were immediately referred to arbitration. (DE 1.) Andreotta retained Spencer Robbins as counsel. (Andreotta Decl. ¶ 8.) Robbins assured Andreotta that he would find an expert. (*Id.* ¶ 12.)

---

[1]     Certain citations to the record are abbreviated as follows:

    DE = docket entry

    Andreotta Decl. = Certification of Mark Andreotta (DE 41-1)

    Arb. Award = Findings and Basis for Award of Arbitrator (DE 39-1)

As discovery went on, Robbins represented that he retained an expert by the name of Zembower. (*Id.* ¶ 27.) But by December 2019, a week before the scheduled arbitration, Andreotta still had not seen any expert report. (*Id.* ¶¶ 34–35.) The day before arbitration, Robbins asked for an adjournment, stating that he had been called into a trial. (DE 30.)

Arbitration was held a month later, on January 20, 2020. (Arb. Award ¶ 10.) Robbins did not provide an expert report. (*Id.*) Afterwards, Andreotta expressed his frustration with Robbins in an email to him. (Andreotta Decl. ¶ 47.) Andreotta, on his own, then found another expert, Richard Sherman. (*Id.* ¶¶ 48, 50.) Andreotta sent Robbins Sherman's report on January 31, 2020, and the arbitrator received the report on February 2. (*Id.* ¶ 52; Arb. Award ¶ 11.) Renegade's counsel objected to consideration of the report because expert discovery had closed. (Arb. Award ¶ 11.) Magistrate Judge Mannion ordered that Andreotta could informally move by February 28 to reopen discovery. (DE 33.)

On February 18, 2020, before Andreotta filed any such motion, the arbitrator filed his award finding that Andreotta had no cause. (Arb. Award.) The arbitrator explained that the absence of an expert report was problematic, but Andreotta's case moreover was "general and vague." (*Id.* ¶ 8.)

Robbins filed a motion to reopen discovery on February 28, and Renegade opposed the motion. (DE 34, 35.) Robbins explained that the expert he had retained, Zembower had not returned his telephone calls for months. (DE 34 at 3.) Andreotta only learned of this through Robbins's motion. (Andreotta Decl. ¶ 60.)

Thirty days passed with no motion for a trial de novo, so I entered judgment on the arbitration award on March 24. (DE 39.) Now, over six months later, and with new counsel, Andreotta moves to vacate the judgment due to Robbins's negligence and misrepresentations regarding the expert report.

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b)(1) permits the court to "relieve a party . . . from a final judgment" for, among other reasons, "excusable neglect." The test is, at bottom, "equitable" and requires weighing the totality of the circumstances. *Orie v. Dist. Att'y Allegheny Cnty.*, 946 F.3d 187, 191 (3d Cir. 2019). To determine whether excusable neglect warrants setting aside a judgment, courts apply four factors: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Adv. Fluid Sys., Inc. v. Huber*, 958 F.3d 168, 182 n.15 (3d Cir. 2020) (citation omitted).

At the threshold, Andreotta has not established excusable neglect. An attorney's negligence is generally not excusable. *Orie*, 946 F.3d at 192. Although that is unfortunate for clients, this "unhappy consequence" springs from the "well established" rule that clients are "accountable for the acts and omissions of their attorneys." *Id.* (citation omitted); *see generally Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) (explaining reasons for this rule). As a result, courts refuse to excuse attorney failures to provide evidence. *E.g.*, *Nansamba v. N. Shore Med. Ctr.*, 727 F.3d 33, 38–39 (1st Cir. 2013); *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100–01 (9th Cir. 2010); *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990); *First Nat'l Life Ins. Co v. Cal. Pac. Life Ins. Co.*, 876 F.2d 877, 882 (11th Cir. 1989). Accordingly, while I sympathize with Andreotta's frustration, Rule 60(b) is not generally the device for clients to remedy an attorney's failures. At that point, the dispute is not any longer one between the client and the adversary, but between the client and the attorney. *See Moore v. U.S. Postal Serv.*, 369 F. App'x 712, 718 (6th Cir. 2010) (per curiam) ("recourse" is through legal

malpractice action); *Link*, 370 U.S. at 633–34 (explaining that individuals have the freedom to terminate their attorney's representation).[2]

Robbins's conduct in particular does not warrant relief under Rule 60(b). His inability to produce an expert report over months of discovery and extensions more resemble "a pattern of deliberate dilatoriness and delay" than a "single unintentional incident" that could be excused. *Mullin v. Balicki*, 875 F.3d 140, 154 (3d Cir. 2017) (citation omitted). Further, although I understand that Andreotta was unable to present his best case, Robbins's failures did not wholly deprive Andreotta of an opportunity to heard on the merits. *See Logan v. Am. Contract Bridge League*, 173 F. App'x 113, 116 (3d Cir. 2006) (less reason to grant Rule 60(b) relief when the court reached the merits (citing *Lorenzo v. Griffith*, 12 F.3d 23, 27 & n.4 (3d Cir. 1993))); *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (technical errors or slight mistakes should not deprive the movant of an opportunity to be heard). The arbitration took place, with Robbins participating and presenting evidence. The arbitrator noted that the lack of an expert report was one problem, but not the only problem, with Andreotta's case. *See Orie*, 946 F.3d at 192 n.10 (noting that counsel's mistakes can be excused if the claim otherwise has merit and should be heard). Accordingly, this is not a case for excusable neglect.

Moreover, the four factors do not weigh in Andreotta's favor. First, Renegade would face prejudice. Renegade complied with discovery and arbitration deadlines to present its case. Reopening this case six months later would haul Renegade back for a do-over, based on matters beyond its control.

---

[2] Andreotta relies on cases stating that "it is neither necessary nor proper to visit the sins of the attorney upon his [or her] blameless client." (DE 41-16 at 4 (quoting *Szemple v. Univ. of Med. & Dentistry of N.J.*, 162 F. Supp. 3d 423, 429 (D.N.J. 2016).) That phrase is colorful but inapposite—none of Andreotta's cases arise under Rule 60(b). *E.g.*, *Szemple*, 162 F. Supp. 3d at 429 (statutory good cause to excuse late filed affidavit in medical malpractice cases); *In re Tutu Wells Contamination Litig.*, 162 F.R.D. 46, 73 (D.V.I. 1995) (sanctions); *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990) (equitable tolling); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999) (same). Under Rule 60(b), the case law is different.

Not to put too fine a point on it, Andreotta's beef is with his attorney, not with Renegade. Moreover, this is not so simple as, say, refiling a summary judgment motion with an additional affidavit attached. Rather, Renegade would need to rebut the expert report and perhaps offer an expert of its own. That is a substantial cost to impose on Renegade, which has already litigated the case to a conclusion once, and apparently complied with all deadlines.

Second, the length of Andreotta's delay in bringing a Rule 60(b) motion is not minor. True, a six-month delay is within the Rule's one-year limit. Nevertheless, the passage of time is such that that the Court and parties would need to expend time and resources reassembling their cases and getting up to speed.

Third, Andreotta has not given strong reasons for the six-month delay. Presumably, some of that time was occupied by the search for new counsel, and he does explain that Robbins did not quickly respond new counsel's request for the file. (Andreotta Decl. ¶¶ 70, 72.) Still, all the facts he relied on in this motion were available at the time of judgment, if not before.

Fourth, there is no reason to believe that Andreotta is not acting in good faith. Indeed, his position is quite understandable. Nonetheless, the first three factors outweigh this one. Andreotta has not shown excusable neglect.

### III. CONCLUSION

For the reasons set forth above, the motion is denied.

A separate order will issue.

Dated: March 4, 2021

/s/ Kevin McNulty

───────────────────────────────
**Hon. Kevin McNulty**
**United States District Judge**